UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                        :
                                                        :
                                                        :    07 Civ. 9841 (SHS)
IN RE CITIGROUP INC. SHAREHOLDER       :
DERIVATIVE LITIGATION                             :    OPINION & ORDER
                                                        :
This document relates to all actions.             :
------------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

  Plaintiffs, shareholders of Citigroup, Inc., allege in this consolidated derivative action that defendants – current and former Citigroup officers and directors – are liable for wrongdoing in connection with the company's issuance of, and investments in, mortgage-backed assets. This Court dismissed the prior complaint in this matter on the ground that it failed to demonstrate that plaintiffs were excused from their obligation to make a demand on Citigroup's board of directors prior to bringing this suit. Plaintiffs have submitted an amended complaint that defendants maintain suffers from the same defect. Defendants have now moved pursuant to Federal Rules of Civil Procedure 12(b)(6) and 23.1 to dismiss the complaint on that basis. Because plaintiffs' allegations do not give rise to a reasonable doubt that a majority of the Citigroup board – as it existed in September 2009 when the amended complaint was filed – would not objectively assess a demand, the Court grants defendants' motion.

  **I. BACKGROUND**

    A. <u>The Consolidated Complaint</u>

  Citigroup announced on November 4, 2007 an $8 to $11 billion write-down on mortgage-backed assets. (First Am. Consolidated Derivative Action Compl. ("Am. Compl.") ¶ 139.) That prompted a flurry of litigation, including this consolidated shareholder derivative action brought on behalf of Citigroup. Plaintiffs' initial consolidated complaint alleged that various Citigroup

officers and directors harmed the company by breaching their fiduciary duties of care and loyalty by allowing Citigroup to invest in risky mortgage-backed assets; breaching their fiduciary duty of disclosure by concealing Citigroup's exposure to these assets; wasting corporate assets on the repurchase of Citigroup stock at inflated prices in 2007; committing securities fraud via misleading statements regarding Citigroup's mortgage-backed assets; engaging in insider trading; and unjustly enriching themselves. (Verified Consolidated Derivative Action Compl. ("Cons. Compl.") ¶¶ 129-60.)

It is uncontested that plaintiffs did not demand of Citigroup's board of directors that Citigroup itself pursue these claims against defendants before plaintiffs filed this action. As a result, plaintiffs are required to show that "demand [upon the board of directors] is excused because the directors [were] incapable of making an impartial decision regarding whether to institute such litigation."[1] *Stone ex rel. AmSouth Bancorp. v. Ritter*, 911 A.2d 362, 367 (Del. 2006). This Court granted defendants' motion to dismiss the consolidated complaint because plaintiffs failed to plead particularized facts demonstrating that the board "as it existed in November 2007 was incapable . . . of objectively evaluating a demand." *In re Citigroup Inc. S'holder Derivative Litig.* (*Citigroup Derivative*), No. 07 Civ. 9841, 2009 WL 2610746, at *4 (S.D.N.Y. Aug. 25, 2009) (internal quotation marks and footnote omitted). In that opinion – the reader's knowledge of which is presumed – the Court permitted plaintiffs to seek leave to file an amended complaint. *Id.* at *13.

---

[1] Because Citigroup is a Delaware corporation, that state's law controls this issue. *In re Citigroup Inc. S'holder Derivative Litig.*, No. 07 Civ. 9841, 2009 WL 2610746, at *3 n.4 (S.D.N.Y. Aug. 25, 2009); *see Scalisi v. Fund Asset Mgmt., L.P.* 380 F.3d 133, 138 (2d Cir. 2004) ("The substantive law which determines whether demand is, in fact, futile is provided by the state of incorporation of the entity on whose behalf the plaintiff is seeking relief.").

B.  The Amended Complaint

Three weeks after the Court's opinion was issued, plaintiffs moved for leave to file an amended complaint and submitted a proposed First Amended Consolidated Derivative Action Complaint ("Amended Complaint").  The Court granted that motion.

The Amended Complaint repeats essentially the whole of its predecessor pleading, with two main additions.  Drawing heavily from the complaint filed in *In re Citigroup Bondholders Litigation*, No. 08 Civ. 9522 – a document specifically incorporated by reference into the Amended Complaint, (Am. Compl. ¶ 265) – plaintiffs now allege that defendants were responsible for misleading statements and omissions in certain Citigroup registration statements. (*Id.* ¶ 1, *see id.* ¶¶ 78-92, 108-35, 141-72.)  These allegations form the basis of claims arising under Section 11 of the Securities Act of 1933.[2]  (*Id.* ¶¶ 300-08.)  Plaintiffs also claim that the board of directors wasted corporate assets in the retirement package the board gave Charles Prince, Citigroup's departing CEO, on November 4, 2007.  (*Id.* ¶¶ 223-28, 294-95.)

**II. DISCUSSION**

In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court considers the complaint as well as "any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference, legally required public disclosure documents filed with the SEC, and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit."  *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).  A court accepts the truth of the facts alleged in the complaint and draws all reasonable inferences in the plaintiff's favor.  *Id.*  But that acceptance need not extend to allegations "contradicted by documents deemed to be part of the complaint, or materials amenable to judicial notice."  *In re*

---

[2]   They also form the basis of claims arising under Section 12 of the Securities Act, (Am. Compl. ¶¶ 309-17); however, plaintiffs have specifically withdrawn those claims, (*see* Pls.' Opp. to Mot. to Dismiss at 2 n.2).

*Yukos Oil Co. Sec. Litig.*, No. 04 Civ. 5243, 2006 WL 3026024, at *12 (S.D.N.Y. Oct. 25, 2006); *see Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1095 (2d Cir. 1995).

      A.  <u>Plaintiffs must plead demand futility as to the September 2009 Citigroup board</u>

Demand futility is assessed with the respect to the board of directors extant "as of the time the complaint was filed." *Braddock v. Zimmerman*, 906 A.2d 776, 785 (Del. 2006). For the initial consolidated complaint, that meant evaluating demand as against the November 2007 Citigroup board. *Citigroup Derivative*, 2009 WL 2610746 at *4 & n.7. But where, as here, "a complaint is amended with permission following a dismissal without prejudice . . . the [] demand inquiry must be assessed by reference to the board in place *at the time when the amended complaint is filed*." *Braddock*, 906 A.2d at 786 (emphasis added). The Court therefore evaluates whether a demand on the board would be futile with respect to the Citigroup board of directors as it existed in September 2009, when plaintiffs submitted the Amended Complaint as part of their motion for leave to amend the initial consolidated complaint.

Plaintiffs agree that the subject of the demand inquiry is the September 2009 board. (Pls.' Opp. to Mot. to Dismiss ("Pls.' Opp.") at 10.) Yet plaintiffs do not correctly identify the members of that board, an easily verifiable fact. Defendants repeatedly point this out. (*See* Defs.' Mem. in Supp. of Mot. to Dismiss at 4 n.7; Exs. 2, 3 to Decl. of Richard Rosen ("Rosen Decl.") dated Nov. 22, 2010; Defs.' Reply in Supp. of Mot. to Dismiss at 2-3.)

Citigroup's filings with the Securities and Exchange Commission reveal multiple changes in board membership between November 2007 and September 2009. By September 2009, the board had seventeen directors.[3] Nine of them had joined since November 2007.[4] And five who

---

[3]    Citigroup's 2009 and 2010 proxy statements, as well as a July 2009 Form 8-K, establish that the seventeen members of the board in September 2009 were C. Michael Armstrong, Alain J.P. Belda, Timothy C. Collins, John M. Deutch, Jerry A. Grundhofer, Robert L. Joss, Andrew N. Liveris, Anne M. Mulcahy, Michael E. O'Neill, Vikram S. Pandit, Richard D. Parsons, Lawrence R. Ricciardi, Judith Rodin, Robert L. Ryan, Anthony M. Santomero, Diana

4

were directors in November 2007 – George David, Kenneth T. Derr, Roberto Hernandez Ramirez, Robert E. Rubin and Franklin A. Thomas – had left the board by September 2009.[5] The Court takes judicial notice of the specifics of this evolution in the membership of Citigroup's board as set forth in Citigroup's SEC filings.  *See, e.g.*, *Sears v. Magnolia Plumbing, Inc.*, --- F. Supp. 2d ----, No. 10 Civ. 02313, 2011 WL 1518631, at *2 & n.6 (D.D.C. Apr. 21, 2011) (relying on regulatory filings to take judicial notice of composition of board of directors); *In re Computer Sciences Corp. Derivative Litig.*, 244 F.R.D. 580, 587 n.8 (C.D. Cal. 2007) (same); *see also Fink v. Weill*, No. 02 Civ. 10250, 2005 WL 2298224, at *5 n.9 (S.D.N.Y. Sept. 19, 2005) ("Because the composition of Citigroup's board of directors is public information not subject to reasonable dispute, the Court takes judicial notice of the individuals elected to the 2003 board of directors.").

Plaintiffs do not directly respond to defendants' repeated emphasis on both the board turnover that occurred between November 2007 and September 2009 and the actual composition of the September 2009 board.  They only shift their position on the size and membership of the board.  The Amended Complaint submitted in September 2009 specifically names fourteen individuals as the members of the "current Board of Citigroup."  (Am. Compl. ¶ 233).  In their memorandum opposing dismissal, plaintiffs do not claim that the Amended Complaint correctly

---

L. Taylor, and William S. Thompson, Jr.  *See* Citigroup Inc. Schedule 14A Proxy Statement dated Mar. 20, 2009 ("2009 Proxy"), at 20-26 (attached as Ex. 2 to Rosen Decl.), *available at* http://www.sec.gov/Archives/edgar/data/ 831001/000095012309005032/y74865ddef14a.htm; Citigroup Inc. Form 8-K dated July 24, 2009 ("2009 8-K") (attached as Ex. 3 to Rosen Decl.), *available at* http://www.sec.gov/Archives/edgar/data/831001/ 000114420409039400/v155773_8k.htm; Citigroup Inc. Schedule 14A Proxy Statement dated Mar. 12, 2010 ("2010 Proxy"), at 20-36; *available at* http://www.sec.gov/Archives/edgar/data/831001/000119312510055351/ddef14a.htm.

[4]     Pandit joined the board in December 2007.  *See* Citigroup Inc. Form 8-K dated Dec. 11, 2007, *available at* http://www.sec.gov/Archives/edgar/data/831001/000114420407066977/v096976_8k.htm.  Ricciardi was named to the board in July 2008.  *See* Citigroup Inc. Form 8-K dated July 25, 2008, *available at* http://www.sec.gov/Archives/ edgar/data/831001/000114420408041910/v120353_8k.htm.  Grundhofer, O'Neill, Santomero, and Thompson were elected to the board at the April 21, 2009 annual meeting.  *See* 2009 Proxy at 16.  And Collins, Joss, and Taylor were named to the board in July 2009.  *See* 2009 8-K; 2010 Proxy at 20.

[5]     David departed in April 2008.  *See* Citigroup Inc. Schedule 14A Proxy Statement dated Mar. 13, 2008 at 18 (attached as Ex. 1 to the Decl. of Richard Rosen dated Dec. 22, 2008, Dkt. No. 38).  Derr, Hernandez Ramirez, Rubin, and Thomas retired from the board in April 2009.  *See* 2009 Proxy at 20.

identifies the September 2009 board.[6]  Instead, they assert (incorrectly and without any citation) that the Citigroup board contained thirteen members, five of whom are not even named.  (Pls.' Opp. at 10.)  The Court does not credit plaintiffs' inconsistent and incorrect assertions.  *See Hirsch*, 72 F.3d at 1095.

As set forth above, to avoid dismissal of the Amended Complaint, plaintiffs must show that it would have been futile to have made a demand of the seventeen member board of directors that existed in September 2009, when plaintiffs sought leave to amend their complaint and submitted the Amended Complaint.

> B.  <u>Plaintiffs have not adequately pled demand futility as to the September 2009 Citigroup board</u>

In this case the governing standard for demand futility is that set forth by the Supreme Court of Delaware in *Rales v. Blasband*, which requires plaintiffs to plead "particularized factual allegations" that "create a reasonable doubt that . . . the board of directors could have properly exercised its independent and disinterested business judgment in responding to a demand."  634 A.2d 927, 934 (Del. 1993).  *Rales* applies, inter alia, "(1) where a business decision was made by the board of a company, but a majority of the directors making the decision have been replaced; [or] (2) where the subject of the derivative suit is not a business decision of the board."  *Id.*  Most of plaintiffs' claims fall into the second category; the fiduciary duty, securities law, unjust enrichment and insider trading counts do not concern specific business decisions of the Citigroup board.  *See Citigroup Derivative*, 2009 WL 2610746 at *4, *12.  The remaining corporate waste

---

[6]  They would be hard pressed to do so.  Despite the several changes in the Citigroup board between November 2007 and September 2009, the board membership alleged in the Amended Complaint is identical to that alleged in the initial consolidated complaint.  (*See* Am. Compl. ¶ 233; Cons. Compl. ¶ 103.)  In fact, in seeking leave to amend on September 18, 2009, plaintiffs argued the Amended Complaint demonstrated that "there is a reasonable doubt that, *as of November 4, 2007*, the Board would not have exercised an independent interest in prosecuting claims based on actions in which they were directly involved."  (Pls. Mem. in Supp. of Mot. to File Am. Consolidated Compl. at 7 (emphasis added).)  It is, of course, the September 2009 board, not the November 2007 board, that is relevant for purposes of evaluating whether seeking a demand on the board would have been futile.

6

claims fall into the first *Rales* category.  Though they concern specific board actions, namely the approval of the repurchase of Citigroup stock in January and April 2007, (Am. Compl. ¶¶ 219-21), and the retirement package granted departing CEO Prince on November 4, 2007, (*id.* ¶ 223), the September 2009 Citigroup had a nine member majority that had joined the board since those approvals.

To satisfy the *Rales* test, the complaint must contain particularized allegations that "give rise to a reasonable doubt that *a majority of the board* can exercise 'its independent and disinterested business judgment in responding to a demand.'"  *Conrad v. Blank*, 940 A.2d 28, 37 (Del. Ch. 2007) (emphasis added) (quoting *Rales*, 634 A.2d at 933); *see In re INFOUSA, Inc. S'holders Litig.*, 953 A.2d 963, 989-90 (Del. Ch. 2007) ("Plaintiffs must show that a majority . . . of the board was incapable of considering demand.").  Plaintiffs argue that demand is futile because eight members of the September 2009 board face a substantial likelihood of liability for alleged misstatements contained in certain registration statements.  Were the point valid – and the Court expresses no opinion on that issue – it cannot overcome a simple, irrefutable arithmetic fact: the eight directors who plaintiffs claim are not impartial do not constitute a majority of the seventeen-person board.  The Amended Complaint does not even identify the nine members of the September 2009 board that joined it after November 2007, let alone contain particularized factual allegations concerning their capacity to assess objectively a pre-suit demand.  Plaintiffs, therefore, have not met their burden of alleging with particularity that a reasonable doubt exists that the majority of the September 2009 board could not have exercised independent and disinterested business judgment in responding to a demand.  The Amended Complaint must be dismissed on that basis.  *See In re Citigroup Inc. S'holder Derivative Litig.*, 964 A.2d 106, 121 n.36 (Del. Ch. 2009).

## III. CONCLUSION

For the foregoing reasons, it is hereby ordered that defendants' motion to dismiss the First Amended Consolidated Derivative Action complaint is granted and the amended complaint is dismissed with prejudice.

Dated: New York, New York
      May 17, 2011

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.